# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

FILED
CLERK, U.S. DISTRICT COURT
OCT - 8 2020
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge  Stephen V. Wilson

From: J. Gutierrez, Deputy Clerk   Date Received: 9/30/2020

Case No.: 5:20-cv-01717-SVW-SHKx   Case Title: Brian Estrada v. Farmer's Insurance et al

Document Entitled: Answer to Complaint/ Proof of Service

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ | Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ | Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ | Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ | Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ | Local Rule 11-3.1 | Document not legible |
| ☐ | Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ | Local Rule 11-4.1 | No copy provided for judge |
| ☐ | Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ | Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ | Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ | Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ | Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ | Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ | Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☐ | Local Rule 83-2.5 | No letters to the judge |
| ☐ | Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☑ | Other: | L.R. 83-2.2.2 Organizations. Only individuals may represent themselves pro se. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1. |

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____          _____
Date                              U.S. District Judge / U.S. Magistrate Judge

☑ The document is **NOT** to be filed, but instead **REJECTED**, and is **ORDERED** returned to counsel.* Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

10/8/20                           /s/ Stephen V. Wilson
Date                              U.S. District Judge / ~~U.S. Magistrate Judge~~

* The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

COPY 1 - ORIGINAL-OFFICE   COPY 2 - JUDGE   COPY 3 - SIGNED & RETURNED TO FILER   COPY 4 - FILER RECEIPT

CV-104A (06/13)   NOTICE OF DOCUMENT DISCREPANCIES

1 FARMER'S INSURANCE

2 810 E H St.

3 Colton, CA    92324

4 Mangasi Hutagaol, In Pro Per:

5 Ludiana Mangunsong, In Pro Per:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ESTRADA<br>         Plaintiff,<br><br>vs.<br><br>FARMER'S INSURANCE<br>         Defendant. | No.   5:20-CV-1717 - SVW(SHKx)<br><br>ANSWER TO COMPLAINT:<br>By Defendants:<br>FARMERS INSURANCE,<br>MANGASI HUTAGAOL and<br>LUDIANA MANGUNSONG |

Defendants, Mangasi Hutagaol and Ludiana Mangunsong, (hereinafter referred to as ("responding defendants"). Deny, disputes, admits and/or avers to the Complaint of Plaintiff, Bryan Estrada (hereinafter referred to as ("Plaintiff") as follows:

## NATURE OF ACTION

Responding Defendants, deny any unlawful discrimination against the plaintiff, no averment is required to the remaining allegations in Paragraph One.

## PARTIES

ANSWER TO COMPLAINT BY DEFENDANTS:
FARMERS INSURANCE, MANGASI HUTAGAOL and DULIANA MANGUNSONG

RECEIVED BUT NOT FILED
SEP 30 2020
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY ___ DEPUTY

2. Responding Defendants, cannot admit or deny the allegations in Paragraph 1 as they lock knowledge as to the alleged disability status of the plaintiff, and on the basis, deny all allegations therein.

3. Responding Defendants deny the allegations in Paragraph 3.

4. Responding Defendants deny the allegations in paragraph 4.

5. Responding Defendants, admit operating the Farmers Insurance business <u>located at 810 E St. Colton, CA 92324. All other allegations in this paragraph are</u> denied.

6. Responding Defendants admit owning the Real Property located at 810 E H Street, Colton, California.

7. Responding defendants admit that Farmers Insurance is a public accommodation, and denies any harm "proximately caused to the plaintiff. No averment is required to the remaining allegations in Paragraph 7.

## JURIDICTION AND VENUE

8. Responding Defendants do not dispute that this Court has subject matter jurisdiction over the Americans with Disabilities Act of 1991. (ADA)

9. Responding defendants admit that the Court may, but is not required to, exercise its Supplemental Jurisdiction over any related State claims pursuant to 28 U.S.C. section 1367(a).

10. Responding defendants are not disputing the Venue, pursuant to 28 U.S.C. section 1391(b)(2).

## STATEMENT OF FACTS

11. Responding defendant admits the allegations in Paragraph 11 insofar the Farmers Insurance Business and Leasing only, but not to the Real Property.

12. Responding defendants deny all allegations in Paragraph 12, since the allegations are overboard and not specific and responding defendant lack sufficient information or knowledge to from a belief as to the truth of those allegations, and thus pursuant to Fed

ANSWER TO COMPLAINT BY DEFENDANTS:
FARMERS INSURANCE, MANGASI HUTAGAOL and DULIANA MANGUNSONG

R Civ. Pro 8(b)(5).

13. Responding defendants admit a lack of diagonal striped marking only, but not the blue borders around. Responding Defendants also admit not having a tow-away signage and Minimum Fine of $250" signage, but denies continuously from that time to the present, as correction was made within the next thirty (days). All other allegations in paragraph 13 are denied.

14. Responding defendants lacks sufficient information or belief as to whether the plaintiff allegedly ever "personally encountered one or more of the Barriers at the Subject Property in March, or if he ever visited the same, and based on such lack of information or belief, deny all allegations in Paragraph 14.

15. Responding defendants deny all allegations in Paragraph 15.

16. Responding defendants deny all allegations in Paragraph 16.

17. Responding defendants deny all allegations in Paragraph 17.

18. Responding defendants deny all allegations in Paragraph 18.

19. Responding defendants deny all allegations in Paragraph 19.

20. Responding defendants deny all allegations in Paragraph 20.

21. No averment is required as to the allegations in Paragraph 21.

22. Responding defendants specifically deny all allegations in Paragraph 22, lines 5 through 9, inclusive. No averment is required to lines 1 through 4.

23. Responding defendants specifically deny maintaining discriminatory policies, procedure and practices that disregard their obligations under the ADA" as well as deny any and all violations of law.

**FIRST CAUSE OF ACTION (Violation of Title III of the Americans with Disability Act of 1990-42 U.S.C. section 12101 et seq.)**

24. No averment is required as to the allegations in Paragraph 24.

25. No averment is required as to the allegations in Paragraph

ANSWER TO COMPLAINT BY DEFENDANTS:
FARMERS INSURANCE, MANGASI HUTAGAOL and DULIANA MANGUNSONG

26. No averment is required as to the allegations in Paragraph

27. No averment is required as to the allegations in Paragraph

28. Defendants only admit to lack of diagonal marks inside the borders of the handicap space mark and not having a Tow Away Signage and the $250' fine but deny all other allegations in Paragraph 28.

29. Responding defendants deny all Ada violations except the diagonal marks inside the borders of the parking space mark and the signage of the Tow away and $250' fine. No averment is required as to all other allegations.

30. Responding defendants deny all Ada violations except the diagonal marks inside the borders of the parking space mark and the signage of the Tow away and $250' fine. No averment is required as to all other allegations.

31. Responding defendants deny all Ada violations except the diagonal marks inside the borders of the parking space mark and the signage of the Tow away and $250' fine. No averment is required as to all other allegations.

32. Responding defendants deny all allegations in Paragraph 32.

## SECOND CAUSE OF ACTION

### (Violation of California Unruh Civil Rights Act)

33. No averment is required to the allegations in Paragraph 33.

34. No averment is required to the allegations in Paragraph 34.

35. Responding defendants deny all allegations in Paragraph 35.

36. Responding Defendants deny all allegations in Paragraph 36.

## RESPONSE TO PRAYER

Responding defendants further deny any and all requests for relief in the prayer.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Cause of Action)

As a First and separate Affirmative Defense, Respondent Defendants' allege that the

ANSWER TO COMPLAINT BY DEFENDANTS:
FARMERS INSURANCE, MANGASI HUTAGAOL and DULIANA MANGUNSONG

complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against the Responding Defendants, in that, among other things, the plaintiff claims that he personally encountered one or more barriers' "in March of 2020 at the Subject Property but he fails to allege whether he actually entered the Farmers Insurance Business, parked or even attempted to park a vehicle in the parking lot of the Subject property, that he could not have 'personally encountered' any alleged barriers and did not provide an exact or approximate date in March when he said the incident happened and therefore, he fails to state a claim under FRCP 12(b)(6). Further, see also Cal Civ. Code section 55.56(b) which requires that the plaintiff to have 'personally encountered' the alleged violation in order to assert a State claim.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

For a second and separate affirmative Defense, Responding Defendants alleges that the plaintiff has no standing 9FRCP 12 (b)(1). In that, among other things, he never visited the Subject Premises, and is not known by the defendants or any employee of Farmers Insurance, and further, the plaintiff lacks a genuine "intent to return" to 'Farmers Insurance' and/or he has not been deterred from returning to the stated premises.   The Plaintiff has not suffered an injury-in-fact that is concrete and particularized to satisfy Article III standing. (Spokeo, Inv. V Robins, 136 S. Ct., 1540, 1543 (2016.

## THIRD AFFIRMATIVE DEFENSE

For a Third and separate Affirmative Defense, Responding Defendants allege that the complaint is time barred pursuant to, among other laws, 28 U.S.C. Section 1658 (a) as well as Cal. Code of Civil Procedure sections 335.1, 337, 338, 339 and 340.

## FOURTH AFFIRMATIVE DEFENSE

### (Uncertainty of Allegations)

For a Fourth and separate Affirmative Defense, Responding Defendants alleged that the complaint, and each of its two purported Causes of Action is so uncertain and vague, in that, among

---

ANSWER TO COMPLAINT BY DEFENDANTS:
FARMERS INSURANCE, MANGASI HUTAGAOL and DULIANA MANGUNSONG

other things, the plaintiff too generally alleges that the Subject Property, does not comply with the minimum requirements of the ADA'. The plaintiff also does not indicate how his alleged physical disability specifically prevented him from gaining access as to each alleged barrier. See Cal. Code of Civil Procedure 425.50(a)(1)(2). There are no allegations to show 'injury in fact"

### FIFTH AFFIRMATIVE DEFENSE
#### Dishonest Acts

For a Fifth and separate Affirmative Defense, Responding Defendants are informed and believe and thereon allege, that the Plaintiff never 'visited' the defendants' premises and thus the plaintiff never personally encountered any of the accessibility barriers at the defendant's premises.

Defendants discovered that just from November 7. 2019 through September 28, 2020 Plaintiff Bryan Estrada has filed (59) ADA cases in the Central District alone, and thus the plaintiff is a serial litigant his accusations are dishonest. Please, see History of Cases filed by the Defendant as Exhibit 1.

### SIXTH AFFIRMATIVE DEFENSE
#### (alleged Acts Were Not Intentional)

For a Sixth and separate Affirmative Defense, Responding Defendants alleges that the discriminatory actions claimed by the plaintiff were not intentional. As a result, the plaintiff is not entitled to the relief requested in the complaint.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Statutory Damages' Limited To 'Particular A Visit, ' Not The Number of Construction Accessibility Barrier Violations-California Civil Code section 55.56 (f)

For a Seventh and separate Affirmative Defense, any 'statutory damages under the Unruh Civil Rights Act (California Civil Code sections 51(f)et seq.) are limited to the 'particular visit' claimed by the plaintiff to the defendant's 'Property, and not upon the number of violations of construction-related accessibility standards identified at the place of public accommodation where the denial of

ANSWER TO COMPLAINT BY DEFENDANTS:
FARMERS INSURANCE, MANGASI HUTAGAOL and DULIANA MANGUNSONG

full and equal access allegedly occurred.

## EIGHT AFFIRMATIVE DEFENSE

### Technical Violations' Are Presumed Not To Cause A Person Difficulty, Discomfort, or Embarrassment for Purposes of California Unruh Statutory Damages – Cal Civ. Code Section 55.56(e)(1)

For Eight Affirmative Defense Responding Defendants alleges that there is no liability under the Cal. Unruh Act for 'technical violations, 'including but not limited to, faded signs, 'interior signs.. that identify the location of accessible '(Cal. Civ. Code sections 55.56€(1)(A)(B). (Emphasis added)

## NINTH AFFIRMATIVE DEFFENCE

### Reduction of "Statutory Damages" To Minimum of $2,000.00 – Cal. Civil Code Section 55.56(q)(2).

For a Ninth and separate Affirmative Defense, Responding Defendants allege that they are a "Small Business" (i.e, with less than twenty-five (25) employees and having gross receipt of less than three million five hundred thousand dollars ($3,500,000.00) over the previous three (3) years as defined by Cal Civ. Code section 55.56(G)*2)(B), and any accessibility barrier that is corrected within 30 days of being served with the complaint, limits the recovery of th plaintiff to two thousand dollars ($2,000.00) for each alleged offense.

## TENTH AFFIRMATIVE DEFENSE

### Plaintiff's Claims Are Moot)

For a Tenth and separate Affirmative Defense, Responding Defendants allege that all claimed barrier have been already remover or will be removed within sixty (60) days of service of the Complaint, thereby rendering all of the plaintiff's claims moot, and divesting him of standing.

WHEREFORE, Responding Defendants' pray for judgment as follow:

(1) That the Plaintiff takes nothing by his complaint on filed

(2) That the Plaintiff be denied Attorney's Fees.

(3) That Judgment be entered against the Plaintiff and in Favor of Responding

---

ANSWER TO COMPLAINT BY DEFENDANTS:
FARMERS INSURANCE, MANGASI HUTAGAOL and DULIANA MANGUNSONG

Defendants.

(4) That The Court Bars Plaintiff from continuing filing so many complains and harming Small Business Owners, as he fails to Show Cause in his complains and voluntarily dismisses the cases after settlements outside the Court or for lack of prosecution and failure to show cause after ordered by the Court. Please, see Exhibit 1.

(5) For such other relief as this Court may deem just and proper.

Date: 9/29/20

_____
Defendant, Mangasi Hutagaol, In Pro Per

Date: 9/29/20

_____
Defendant, Ludiana Mangunsong, In Pro Per

---

ANSWER TO COMPLAINT BY DEFENDANTS:
FARMERS INSURANCE, MANGASI HUTAGAOL and DULIANA MANGUNSONG

# Exhibit 1

# Select A Case

**Bryan Estrada is a plaintiff in 60 cases.**

| Case | Title | Filed | Closed |
|---|---|---|---|
| 5:19-cv-02160-JGB-SHK | Bryan Estrada v. Loyal Order of Moose Lodge No 1439 | filed 11/07/19 | closed 01/27/20 |
| 5:19-cv-02169-JGB-KK | Bryan Estrada v. San Jacinto Group LLC et al | filed 11/12/19 | closed 07/01/20 |
| 5:19-cv-02199-FMO-SP | Bryan Estrada v. Ibrihim Jalal Rahman et al | filed 11/15/19 | closed 01/13/20 |
| 5:19-cv-02218-AB-SHK | Bryan Estrada v. Young Kook Kim et al | filed 11/20/19 | closed 01/28/20 |
| 5:19-cv-02246-RGK-SP | Bryan Estrada v. Fleming Family LTD Partnership et al | filed 11/25/19 | closed 01/27/20 |
| 5:19-cv-02258-VAP-SK | Bryan Estrada v. Credo, LLC et al | filed 11/26/19 | closed 02/03/20 |
| 5:19-cv-02339-JGB-KK | Bryan Estrada v. Elvira Martinez et al | filed 12/05/19 | closed 02/13/20 |
| 5:19-cv-02349-JGB-SHK | Bryan Estrada v. Wanggi Investment Co. et al | filed 12/06/19 | closed 02/19/20 |
| 5:19-cv-02360-JGB-SP | Bryan Estrada v. Frome Developments Omega, LLC et al | filed 12/09/19 | closed 03/09/20 |
| 5:19-cv-02374- | Bryan Estrada v. Sunnymead | filed 12/11/19 | closed 02/19/20 |

| | | | |
|---|---|---|---|
| SP | Holdings LLC et al | | |
| 5:20-cv-00181-PA-SP | Bryan Estrada v. Nancy Carol Hom et al | filed 01/27/20 | closed 05/01/20 |
| 5:20-cv-00186-DMG-KK | Bryan Estrada v. Solamar LLC et al | filed 01/28/20 | closed 04/16/20 |
| 5:20-cv-00196-FMO-SHK | Bryan Estrada v. Richard L. Richardson et al | filed 01/29/20 | closed 03/11/20 |
| 5:20-cv-00219-JGB-SHK | Bryan Estrada v. CHW Las Haciendas Development, LLC et al | filed 02/03/20 | closed 07/07/20 |
| 5:20-cv-00225-JGB-SP | Bryan Estrada v. Calle Cortez, LLC et al | filed 02/04/20 | closed 07/01/20 |
| 5:20-cv-00238-JGB-SHK | Bryan Estrada v. KER, LLC et al | filed 02/06/20 | closed 03/17/20 |
| 5:20-cv-00247-JGB-SP | Bryan Estrada v. Fair Oaks Valley, LLC et al | filed 02/07/20 | closed 06/23/20 |
| 5:20-cv-00267-JGB-KK | Bryan Estrada v. Rajcic Brothers Partners, LLC et al | filed 02/11/20 | closed 04/15/20 |
| 5:20-cv-00308-JGB-SP | Bryan Estrada v. JNC, LLC et al | filed 02/18/20 | closed 04/15/20 |
| 5:20-cv-00323-ODW-SHK | Bryan Estrada v. MHC 13 Hemet CA LLC et al | filed 02/19/20 | closed 07/13/20 |
| 5:20-cv-00338-PA-SHK | Bryan Estrada v. Nancy J. Hubbert et al | filed 02/20/20 | closed 05/01/20 |
| 5:20-cv-00352-PA-SHK | Bryan Estrada v. Vicos Investment, LLC et al | filed 02/21/20 | closed 05/01/20 |

| | | | |
|---|---|---|---|
| 5:20-cv-00374-SVW-SHK | Bryan Estrada v. Marla Rayleen Greene et al | filed 02/25/20 | closed 05/15/20 |
| 5:20-cv-00382-JGB-SP | Bryan Estrada v. Freeda Mae Marada et al | filed 02/26/20 | closed 06/12/20 |
| 5:20-cv-00390-RGK-SHK | Bryan Estrada v. 625 W. La Cadena LLC et al | filed 02/27/20 | closed 04/02/20 |
| 5:20-cv-00397-JGB-KK | Bryan Estrada v. Teresa L. Cook et al | filed 02/28/20 | closed 05/19/20 |
| 5:20-cv-00414-JGB-KK | Bryan Estrada v. Motte Country Plaza, LLC et al | filed 03/02/20 | closed 05/08/20 |
| 5:20-cv-00428-JGB-KK | Bryan Estrada v. Terry L Lambert et al | filed 03/03/20 | closed 04/30/20 |
| 5:20-cv-00439-JGB-SHK | Bryan Estrada v. Grelbriche Properties, LLC et al | filed 03/04/20 | closed 05/07/20 |
| 5:20-cv-00462-JGB-SHK | Bryan Estrada v. John W. Vigil et al | filed 03/06/20 | closed 04/13/20 |
| 5:20-cv-00468-KK | Bryan Estrada v. Storage Portfolio II Subsidiary, LLC et al | filed 03/09/20 | closed 05/08/20 |
| 5:20-cv-00522-PA-KK | Bryan Estrada v. Robert G. Andrei et al | filed 03/13/20 | closed 05/04/20 |
| 5:20-cv-00597-FMO-KK | Bryan Estrada v. Sri Sai Ram, Inc. et al | filed 03/25/20 | closed 06/03/20 |
| 5:20-cv-01271-DSF-SP | Bryan Estrada v. 4M Investments et al | filed 06/25/20 | closed 09/02/20 |
| 5:20-cv-01286- | Bryan Estrada v. Ralph A Allen et al | filed 06/26/20 | |

RSWL-SP

| | | | |
|---|---|---|---|
| 5:20-cv-01298-MWF-SHK | Bryan Estrada v. J. Charles Binder et al | filed 06/29/20 | |
| 5:20-cv-01314-JGB-KK | Bryan Estrada v. Arlington Auto Center, LLC et al | filed 06/30/20 | closed 09/10/20 |
| 5:20-cv-01388-JGB-SP | Bryan Estrada v. 6906 Brockton, LLC et al | filed 07/14/20 | closed 09/29/20 |
| 5:20-cv-01402-JGB-SHK | Bryan Estrada v. Lam Kirner et al | filed 07/16/20 | |
| 5:20-cv-01406-JAK-SP | Bryan Estrada v. Monika Kumari Badyal et al | filed 07/17/20 | closed 09/16/20 |
| 5:20-cv-01439-RGK-KK | Bryan Estrada v. Bonnett Irrigation, Inc. et al | filed 07/21/20 | |
| 5:20-cv-01451-JFW-SP | Bryan Estrada v. Eula Fay Askew et al | filed 07/22/20 | |
| 5:20-cv-01463-PA-SP | Bryan Estrada v. Cherokee Funding, LLC et al | filed 07/23/20 | closed 09/23/20 |
| 5:20-cv-01588-SB-KK | Bryan Estrada v. The Pines Apartments et al | filed 08/10/20 | |
| 5:20-cv-01602-JGB-SHK | Bryan Estrada v. Robert Sirotnik et al | filed 08/11/20 | |
| 5:20-cv-01605-JGB-KK | Bryan Estrada v. VPM Colony, L.P. et al | filed 08/11/20 | |
| 5:20-cv-01614-JGB-SP | Bryan Estrada v. Herbert Gordon Rudh et al | filed 08/12/20 | |

| Case Number | Title | Filed | Closed |
|---|---|---|---|
| 5:20-cv-01645-FMO-KK | Bryan Estrada v. Livescan Fingerprinting et al | filed 08/17/20 | closed 09/14/20 |
| 5:20-cv-01664-VAP-SP | Bryan Estrada v. California Dental Group et al | filed 08/18/20 | |
| 5:20-cv-01679-JAK-KK | Bryan Estrada v. Pedley Veterinary Hospital et al | filed 08/19/20 | |
| 5:20-cv-01703-FMO-SP | Bryan Estrada v. A Storage Place et al | filed 08/24/20 | |
| 5:20-cv-01717-SVW-SHK | Brian Estrada v. Farmer's Insurance et al | filed 08/25/20 | |
| 5:20-cv-01726-JAK-SHK | Bryan Estrada v. Lulus Hideout et al | filed 08/26/20 | |
| 5:20-cv-01733-JFW-SP | Bryan Estrada v. Holiday Inn Hotel et al | filed 08/27/20 | |
| 5:20-cv-01771-JGB-SHK | Bryan Estrada v. Rio Inn Motel et al | filed 08/31/20 | closed 09/23/20 |
| 5:20-cv-01797-JGB-SHK | Bryan Estrada v. Corona Animal Hospital et al | filed 09/01/20 | |
| 5:20-cv-01808-JGB-SHK | Bryan Estrada v. VCA Aacacia Animal Hospital et al | filed 09/02/20 | |
| 5:20-cv-02011 | Estrada v. Tanis Beauty Salon et al | filed 09/29/20 | |
| 5:20-cv-02022 | Estrada v. Burgesons A/C et al | filed 09/30/20 | |
| 8:19-cv-02146 | Bryan Estrada v. Loyal Order of Moose Lodge No 1439 | filed 11/07/19 | closed 11/08/19 |

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: MANGASI HUTAGAOL | |
| FIRM NAME: FARMERS INSURANCE | |
| STREET ADDRESS: 810 E H STREET | |
| CITY: COLTON STATE: CA ZIP CODE: 92324 | |
| TELEPHONE NO.: (909)783-7788 FAX NO.: | |
| E-MAIL ADDRESS: | |
| ATTORNEY FOR (name): IN PRO PER | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 3470 TWELFTH ST
MAILING ADDRESS:
CITY AND ZIP CODE: RIVERSIDE, CA 92501
BRANCH NAME:

Plaintiff/Petitioner: BRYAN ESTRADA
Defendant/Respondent: FARMERS INSURANCE, ET AL

**PROOF OF SERVICE—CIVIL**
**Check method of service (only one):**
☐ By Personal Service  ☒ By Mail  ☐ By Overnight Delivery
☐ By Messenger Service  ☐ By Fax

CASE NUMBER:
5:20-CV-01717 -SVW(SHKx)

JUDICIAL OFFICER:

DEPARTMENT:

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action**.
2. My residence or business address is:

   6659 SCULLY WAY RIVERSIDE, CA 92508

3. ☐ The fax number from which I served the documents is *(complete if service was by fax):*

4. On *(date):* 09/29/2020   I served the following **documents** *(specify):*
   ANSWER TO COMPLAINT by Defendants, Farmers Insurance, Mangasi Hutagaol and Ludiana Mangunsong

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: BRYAN ESTRADA. C/O LAW OFFICES OF ROSS CORNELL.
   b. ☐ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      5042 Wilshire Blvd #46382 Los Angeles, CA 90036
   c. ☐ *(Complete if service was by fax.)*
      Fax number where person was served:

   RECEIVED BUT NOT FILED
   SEP 30 2020
   CLERK, U.S. DISTRICT COURT
   CENTRAL DISTRICT OF CALIFORNIA
   SOUTHERN DIVISION
   BY              DEPUTY

   ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service— Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. January 1, 2020]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rule 2.306
*www.courts.ca.gov*

POS-040

| CASE NAME:<br>BRYAN ESTRADA VS FARMERS INSURANCE | CASE NUMBER: |
|---|---|

6. b. [x] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

    (1) [x] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) [ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)*:

c. [ ] **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. [ ] **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. [ ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 09/29/2020

MARIA ELENA ROBLES
(TYPE OR PRINT NAME OF DECLARANT)

▶ (SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

[ ] **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(NAME OF DECLARANT) ▶ (SIGNATURE OF DECLARANT)

POS-040 [Rev. January 1, 2020]     **PROOF OF SERVICE—CIVIL**     Page 2 of 3
(Proof of Service)

POS-040

# INFORMATION SHEET FOR PROOF OF SERVICE—CIVIL

*(This information sheet is not part of the official proof of service form and does not need to be copied, served, or filed.)*

**USE OF THIS FORM**

This form is designed to be used to show proof of service of documents by (1) personal service, (2) mail, (3) overnight delivery, (4) messenger service, or (5) fax.

This proof of service form should **not** be used to show proof of service of a summons and complaint. For that purpose, use *Proof of Service of Summons* (form POS-010).

Also, this proof of service form should **not** be used to show proof of electronic service. For that purpose, use *Proof of Electronic Service* (form POS-050).

Certain documents must be personally served. For example, an order to show cause and temporary restraining order generally must be served by personal delivery. You must determine whether a document must be personally delivered or can be served by mail or another method.

**GENERAL INSTRUCTIONS**

A person must be over 18 years of age to serve the documents. The person who served the documents must complete the Proof of Service. **A party to the action cannot serve the documents.**

The Proof of Service should be typed or printed. If you have Internet access, a fillable version of this proof of service form is available at *www.courts.ca.gov/forms.htm.*

*Complete the top section of the proof of service form as follows:*

First box, left side: In this box print the name, address, and telephone number of the person for whom you served the documents.

Second box, left side: Print the name of the county in which the legal action is filed and the court's address in this box. The address for the court should be the same as the address on the documents that you served.

Third box, left side: Print the names of the plaintiff/petitioner and defendant/respondent in this box. Use the same names as are on the documents that you served.

Fourth box, left side: Check the method of service that was used. You should check only one method of service and should show proof of only one method on the form. If you served a party by several methods, use a separate form to show each method of service.

First box, top of form, right side: Leave this box blank for the court's use.

Second box, right side: Print the case number in this box. The case number should be the same as the case number on the documents that you served.

Third box, right side: State the judge and department assigned to the case, if known.

*Complete items 1–6:*

1. You are stating that you are over the age of 18.
2. Print your home or business address.
3. If service was by fax service, print the fax number from which service was made.
4. List each document that you served. If you need more space, check the box in item 4, complete the *Attachment to Proof of Service—Civil (Documents Served)* (form POS-040(D)), and attach it to form POS-040.
5. Provide the names, addresses, and other applicable information about the persons served. If more than one person was served, check the box on item 5, complete the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)), and attach it to form POS-040.
6. Check the box before the method of service that was used, and provide any additional information that is required. The law may require that documents be served in a particular manner (such as by personal delivery) for certain purposes. Service by fax generally requires the prior agreement of the parties.

**You must sign and date the proof of service form. By signing, you are stating under penalty of perjury that the information that you have provided on form POS-040 is true and correct.**

---

POS-040 [Rev. January 1, 2020]   **PROOF OF SERVICE—CIVIL**   Page 3 of 3
(Proof of Service)

For your protection and privacy, please press the Clear This Form button after you have printed the form.   | Print this form | | Save this form |   | Clear this form |